UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CURTIS WARD,

      Plaintiff,

v.                                  Case No. 16-12990

DR. LACY and MS. G.,

      Defendants.
_____/

## ORDER OF DISMISSAL

Before the court is a *pro se* civil rights action filed by state prisoner Curtis Ward ("Ward"). The case was opened on August 5, 2016, when the Clerk of the Court received a written Michigan Department of Corrections (MDOC) grievance from Ward. The grievance stated that Ward told "Dr. Lacy" and "Ms. G." that they could not cut off his water, but they did it anyway. Ward complained that he could not brush his teeth, wash his face, or use his faucet. (Dkt. # 1.) The Clerk of the Court filed the form as a prisoner civil rights complaint with "Dr. Lacy" and "Ms. G." as the defendants.

On August 22, 2016, Ward submitted two more MDOC grievances to the Court. One stated that Ward asked correctional officer Maida whether Ms. Gosciniak had made her rounds for legal mail and that Maida responded, "No." Plaintiff alleged in his grievance that Ms. Gosciniak failed to send out the mail and that she should be arrested for playing with the mail. (Dkt. # 3.) The other stated that he had asked Dr. Lacy some questions about water restrictions and meals, and "she got them wrong." (*Id.*)

On August 24, 2016, Ward filed another MDOC grievance complaining that he was on a "phoney" water restriction and could not flush his own toilet. (Dkt. # 4.) Ward went on to say that Ms. Miller refused to flush his toilet for him. (*Id.*)

Ward did not pay a filing fee or apply for leave to proceed without prepayment of the filing fee and costs. Accordingly, on October 12, 2016, United States Magistrate Judge R. Steven Whalen ordered Ward to prepay the filing fee of $350.00 plus an administrative fee of $50.00 or to submit a completed application to proceed without prepayment of fees and costs and a certified statement of Ward's trust fund account at the correctional facility where he was confined. (Dkt. # 5.) Magistrate Judge Whalen also ordered Ward to complete and submit to the Clerk of the Court a civil complaint listing the persons that Ward wished to sue and what each defendant did to violate his rights. (*Id.*) Magistrate Judge Whalen warned Ward that failure to comply with his order within thirty days of the date of his order could result in the dismissal of this action. (*Id.*)

On November 14, 2016, Ward filed a certified statement of his trust fund account at the Woodland Center Correctional Facility where he is confined. (Dkt. # 7.) The same day, Ward filed a single piece of paper with no heading, caption, or case number. The printing on the document is faint and difficult to read, but it appears to say:

> Y'all have been steady lying by saying to me fill out forms[.] [T]hat's a lie[.] Quit lying [or I will] have the whole district court arrested for breaking the law.

(Dkt. # 6.)

Pursuant to Federal Rule of Civil Procedure 41(b), federal district courts may dismiss an action *sua sponte* when a *pro se* litigant has engaged in a clear pattern of delay. *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). As explained in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), "[n]either the permissive language of the Rule —

which merely authorizes a motion by the defendant — nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. The power to dismiss an action for failure to prosecute is necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

This District's Local Rules also provide for *sua sponte* dismissal of a civil action. Under Rule 41.2, "the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case" when a party has "taken no action for a reasonable time," unless the party shows "good cause" for the inaction. LR 41.2 (E.D. Mich. Mar. 2, 1998).

> [I]t is axiomatic that the Court possesses inherent power to dismiss *sua sponte*, without notice or hearing, "to achieve the orderly and expeditious disposition of cases". See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, ch. 16, § 431. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–632, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985).

*Branham v. Home Depot U.S.A., Inc.*, 225 F. Supp.2d 762, 769 n. 4 (E.D. Mich. 2002) (Rosen, J.) Thus, under Local Rule 41.2 and Federal Rule of Civil Procedure 41(b), the Court may dismiss a complaint for failure to prosecute. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

Magistrate Judge Whalen notified Ward of the deficiencies in his filings and gave Ward an opportunity to cure the deficiencies. Ward, however, failed to comply with the Magistrate Judge's order. He has not paid the filing fee or submitted an application to proceed without prepayment of the filing fee. Neither has he filed a complaint or a short

and plain statement of all his claims and a list of the persons that he wishes to sue. Ward obviously understood the magistrate judge's order because his recent note to the Court (Dkt. # 6) complains about having to fill out forms.

The court recognizes that the allegations of a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). But

> the lenient treatment generally accorded to pro se litigants has limits. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant. *Id.*

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Ward has failed to comply with an easily understood order and a court-imposed deadline. Under the circumstances, dismissal is appropriate. Accordingly, the court summarily dismisses this action without prejudice for want of prosecution and for failure to comply with a court order. *Link*, 370 U.S. at 629-30; Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

SO ORDERED.

                                              s/Robert H. Cleland            /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  December 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 2, 2016, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                  /
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-12990.WARD.dismissal.failure.to.prosecute.tlh.docx